**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1816
_____

EDGAR ALAN ALVAREZ CANO,
                                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
DEPARTMENT OF HOMELAND SECURITY
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A98-494-458)
Immigration Judge: Honorable Eugene Pugliese
_____

Submitted Under Third Circuit LAR 34.1(a)
April 14, 2010
Before:   SLOVITER, JORDAN and GREENBERG, Circuit Judges

(Opinion filed April 30, 2010)
_____

OPINION
_____

PER CURIAM

         Petitioner Edgar Alan Alvarez Cano, a native of Mexico, seeks review of a final

order of removal.  For the reasons that follow, we will deny the petition for review.

Alvarez Cano entered the United States in 1994 at the age of seven as a non-immigrant visitor. He failed to depart, and in 2006, the Department of Homeland Security ("DHS") commenced removal proceedings. Alvarez Cano applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and voluntary departure as an alternative to removal.

Alvarez Cano testified that he wishes to stay in the United States because he does not know what life in Mexico is like, that he fears gang violence and the risk of being kidnapped, and that he fears police and government corruption.

The Immigration Judge ("IJ") believed Alvarez Cano's testimony, and acknowledged that the State Department country report for Mexico indicates that kidnapping, gang violence, and government corruption are serious and widespread problems. Nevertheless, the IJ determined that Alvarez Cano failed to establish past persecution or a well-founded fear of future persecution, and that, in any event, his asylum application was untimely. The IJ found that Alvarez Cano failed to file an asylum application within one year after reaching the age of majority, and that he failed to meet the "extraordinary circumstances" exception to the time limit. See 8 U.S.C. § 1158(a)(2)(D). The IJ also concluded that he failed to meet the burden of proof for withholding of removal or CAT relief, and granted his application for voluntary departure. The Board of Immigration Appeals ("BIA") dismissed his appeal. Alvarez Cano filed a timely petition for review.

We lack jurisdiction under 8 U.S.C. § 1158(a)(3) to review the denial of Alvarez Cano's asylum application as untimely. Although we cannot review the merits of his asylum claim, we retain jurisdiction to consider the denial of his applications for withholding of removal and protection under the CAT. Tarrawally v. Ashcroft, 338 F.3d 180, 185-86 (3d Cir. 2003). Where, as here, the BIA adopts the findings of the IJ and discusses some of the bases for the IJ's opinion, this Court will review both opinions. See Xie v. Ashcroft, 359 F.3d 239, 242 (3d Cir. 2004). We review factual findings for substantial evidence, see Briseno-Flores v. Att'y Gen., 492 F.3d 226, 228 (3d Cir. 2007), upholding them "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see also Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (en banc).

III.

To qualify for withholding of removal, an alien must establish that it is more likely than not that his "life or freedom would be threatened in th[e] country [of removal] because of the alien's race, religion, nationality, membership in a particular social group or political opinion." 8 U.S.C. § 1231(b)(3)(A); Tarrawally, 338 F.3d at 186. To be eligible for CAT relief, an alien must show that it is more likely than not that he will be tortured if removed to the country in question. 8 C.F.R. § 1208.16(c)(2).

We agree that Alvarez Cano failed to prove that he would be persecuted on account of a protected ground. See Ndayshimiye v. Att'y Gen., 557 F.3d 124, 129 (3d

Cir. 2009) (an asylum applicant must show a nexus between persecution and one of the five protected grounds). His brief testimony expressed only a subjective, generalized fear of life in Mexico and of being kidnapped because of his family connections in the United States. He presented no evidence that anyone in Mexico has a particular interest in him, or that he has been threatened in any way. Given these facts, substantial evidence supports the IJ's and BIA's determination that Alvarez Cano does not qualify for withholding of removal, and nothing in the record supports his claim for CAT protection. Accordingly, we will deny the petition for review.